# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW WILLIAM McGHGHY,<br><br>Defendant. | Case No. CR12-0073<br><br>ORDER FOR PRETRIAL DETENTION |

On the 12th day of October 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Amy M. Koopmann. The Defendant appeared personally and was represented by his attorney, Michael M. Lindeman.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 3, 2012, Defendant Andrew William McGhghy was charged by Indictment (docket number 3) with conspiracy to manufacture methamphetamine. At the arraignment on October 9, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on December 10, 2012.

At the hearing, Cedar County Deputy Sheriff Matt Jackson testified regarding the circumstances underlying the instant charge. On March 14, 2012, a search warrant was executed at a residence in Mechanicsville, Iowa. The residence belonged to Bryan Achenbach, a co-defendant in this matter. In the loft of Achenbach's garage, law enforcement found items consistent with a methamphetamine lab, including a tank with anhydrous ammonia, pseudoephedrine, lithium batteries, and starting fluid.

1

At the time of the search, Defendant was present in the garage. Law enforcement interviewed Defendant, and he admitted that anhydrous ammonia was present in the garage for the purposes of manufacturing methamphetamine. Defendant also told officers that he routinely brought pseudoephedrine and lithium batteries to the garage. Defendant also stated that for the past year, he would go to the garage 1 or 2 times per week to use methamphetamine. Deputy Jackson also testified that law enforcement interviewed a witness who stated that Defendant provided precursors for the manufacture of methamphetamine to Achenbach.

According to the pretrial services report, Defendant is 46 years old. He was born in Keokuk, Iowa, and has lived most of his life in eastern Iowa. Defendant is currently in a relationship with Shelley Bryan which has lasted two years.[1] Defendant has been married two times, and has one child from each marriage. He also has a third child from another relationship. The two children from his previous marriages reside in eastern Iowa, and his other child resides in Carthage, Illinois, with his mother.

Defendant told the pretrial services officer that he has been employed as an electrician with Trillium Construction for the past five months.[2] In 2008, Defendant underwent carpal tunnel surgery on both hands and his right elbow. Otherwise, Defendant is in good physical health. He reports no history of mental or emotional health concerns. Defendant told the pretrial services officer that he smoked marijuana "a lot" as a teenager, but has rarely smoked it as an adult. He also stated that he has used methamphetamine "off and on" since he was 35 years old.

Defendant has an extensive criminal record. In 1986, at age 19, Defendant was convicted of OWI. In 1987, Defendant was convicted of second degree theft. He was sentenced to 2 years in prison, but was released to shock probation in July 1987. In 1988,

---

[1] Deputy Jackson testified that a source reported Ms. Bryan had traded fentinol patches for methamphetamine.

[2] Interestingly, Karen Kennedy, Defendant's former wife, testified at the hearing that Defendant had "just started" working for First Home Construction.

2

while on probation, Defendant was convicted of public intoxication. In 1989, while on probation, Defendant was charged and later convicted of keeping a dwelling for possession of a controlled substance. In May 1990, while on probation, Defendant was charged and later convicted of possession of marijuana. In July 1990, while on probation, Defendant was charged and later convicted of driving with a suspended license. In 1991, while on probation, Defendant was charged and later convicted of third degree sexual abuse. He was sentenced to 10 years in prison, and his probation in the 1987 theft charge was revoked. He was paroled in June 1993. His parole was revoked in August 1995, and his sentence was discharged in July 1996.

In January 1997, Defendant was charged and later convicted of OWI. In June 1997, Defendant was charged and later convicted of being a felon in possession of a firearm. He was given a 5-year suspended prison sentence and 1 year probation. On August 8, 1998, while on probation in the felon in possession of a firearm charge, Defendant was charged and later convicted in two separate cases with simple domestic assault and disorderly conduct. In October 1998, while on probation and while the simple domestic assault charge was pending, Defendant was charged with violation of a no contact order. That charge was eventually dismissed. On December 29, 1998, while the simple domestic assault and the violation of a no contact order charges were pending, Defendant was charged in three separate cases with a controlled substance violation, gathering for use of drugs, and failure to affix tax stamp. The controlled substance violation and failure to affix tax stamp charges were ultimately withdrawn. In June 1999, Defendant was sentenced to 5 years in prison on the gathering for use of drugs charge. However, before being sentenced in that case, in April 1999, Defendant was charged and later convicted of failure to register as a sex offender. In April 2001, Defendant was placed on work release. In September 2001, Defendant was paroled. His sentence was discharged in May 2002.

On March 22, 2002, while on parole, Defendant was charged with prior forcible felony. That charge was later withdrawn. On March 28, 2002, while on parole, Defendant was charged with failure to affix tax stamp, but that charge was ultimately

3

dismissed. On the same date, Defendant was also charged and later convicted of possession with intent to deliver methamphetamine and possession with intent to deliver marijuana. Defendant was sentenced to 10 years in prison on the methamphetamine charge and 5 years in prison on the marijuana charge. He was paroled in September 2004, and his sentence was discharged in October 2006.

On February 17, 2012, Defendant was involved in an incident involving pseudoephedrine. He was formally charged with possession of pseudoephedrine on March 15, 2012. Apparently, he was convicted of that charge because sentencing is scheduled for November 16, 2012, in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies

4

committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for

which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. On March 14, 2012, law enforcement executed a search warrant at the residence of Bryan Achenbach, a co-defendant in this matter. Defendant was present in Achenbach's garage at the time of the search. During the search of the garage, law enforcement found items consistent with a methamphetamine lab. Law enforcement interviewed Defendant and he admitted knowledge of anhydrous ammonia being contained in the garage for purposes of manufacturing methamphetamine. Defendant also admitted routinely taking lithium batteries and pseudoephedrine to the garage.

As a general proposition, the Court finds that manufacturing of drugs constitutes a generalized danger to the community. The Court is particularly concerned with the manufacturing of methamphetamine because the physical process of manufacturing

methamphetamine in and of itself poses a danger to the community. Defendant has an extensive criminal record, including prior drug convictions. Defendant also has a history of committing criminal offenses while on pretrial release, probation, and parole. For example, while on probation for a theft conviction, Defendant was convicted of five additional offenses, including third degree sexual abuse. Furthermore, while on parole for a drug charge, Defendant was convicted of two additional drug felonies. Based on the serious nature of the offense, Defendant's extensive criminal record, history of committing additional offenses while on pretrial release, probation, and parole, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will assure the safety of the community or assure Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 9, 2012) to the filing of this Ruling (October 12, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 12th day of October, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA